IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| LISA POOLE | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Civil Action No. 3:09CV-359-S |
| ATLAS MACHINE AND SUPPLY, INC. | : | **Electronically Filed** |
| Defendant | : | |
| SERVE: Richard F. Gimmel, Jr.<br>7000 Global Drive<br>Louisville, KY 40258 | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Lisa Poole, alleges for her Verified Complaint, upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks redress for violations of The Family Medical Leave Act, 29 U.S.C. § 2611 et. seq. ("FMLA"), the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), and KRS § 344 et seq. committed by the Defendants.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331.

3. This Court has jurisdiction to consider the Plaintiff's pendant state claims which arise out of the same occurrence and facts as set forth below.

## PARTIES

4. Plaintiff Lisa Poole ("Ms. Poole") is, and was at all times relevant hereto, a citizen of the Commonwealth of Kentucky and a resident of Jefferson County. She is an eligible employee for purposes of the FMLA, the EPA, and KRS § 344 et seq.

5. Defendant, Atlas Machine and Supply, Inc. ("Atlas") is a Kentucky corporation licensed to do business and actually doing business in the Commonwealth of Kentucky, Louisville, Jefferson County. Its principal place of business is located at 7000 Global Drive, Louisville, Kentucky, and its registered agent is Richard F. Gimmel, Jr., located at 7000 Global Drive, Louisville, Kentucky. At all times relevant to this Complaint, Atlas had more than (50) employees in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and is an eligible employer for purposes of the FMLA, the EPA, and KRS §344 et seq.

## COUNT I: VIOLATION OF THE FMLA

6. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 5 and incorporates the same herein as though fully set forth.

7. At all times relevant to this Complaint, Ms. Poole was employed by Defendant Atlas full-time as an Engineering Secretary. Ms. Poole began her employment with Atlas in 2004.

8. Ms. Poole consistently received excellent performance evaluations and praise from her supervisors.

9. In March, 2007, Ms. Poole became ill and was diagnosed with a condition called sarcoidosis. In May, 2007, Ms. Poole utilized previously earned vacation time to have her lymphs removed as recommended by her physician in treatment of her medical condition.

10. Defendant Atlas, by and through its agents and employees was aware of Ms. Poole's medical condition.

11. In August, 2007, Ms. Poole was advised by her physician that she would need ongoing medical treatment. Ms. Poole spoke with Dave Abner, Human Resources Manager for Atlas, and filled out the necessary paperwork to exercise her right to take intermittent medical leave under the FMLA.

12. In October 2007, Ms. Poole underwent a battery of diagnostic tests and it was determined by her physician that she would need to have surgery to remove her spleen. A tentative date of December 19, 2007 was scheduled for Ms. Poole's surgery.

13. Ms. Poole immediately advised Mr. Abner of her worsening condition and upcoming surgery. She further advised Mr. Abner that she would need to take approximately four weeks of medical leave under the FMLA beginning December 19, 2007.

14. Less than one month later, in November 2007, Atlas announced that it was going to "restructure" the shop office where Ms. Poole's job was located.

15. After Ms. Poole learned of the "restructuring" she approached Mr. Abner for advice related to her upcoming surgery. Ms. Poole offered to wait to have the surgery until the restructuring was complete. Mr. Abner advised her that she "had nothing to worry about" and to move forward with the surgery.

16. Atlas determined that its "restructuring" was going to consist of eliminating six positions in the shop office but creating six "new" but substantially similar positions. Each employee whose position was eliminated could reapply for one of the "new" positions.

17. Ms. Poole was not rehired into one of the six available positions in an attempt to interfere with, restrain, or deny the exercise of or the attempt to exercise her rights under the FMLA in direct and willful violation of 29 U.S.C. § 2615(a)(1).

18. As a direct and proximate result of Defendant's willful violation of 29 U.S.C. § 2615(a)(1), Ms. Poole has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Poole is therefore entitled to general and compensatory damages, including interest at the prevailing rate and additional liquidated damages in amounts to be proven at trial, in accordance with 29 U.S.C. § 2617.

19. As a further direct and proximate result of the Defendants' willful violation of 29 U.S.C. § 2615(a)(1), as described, Ms. Poole has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Atlas and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Poole. Ms. Poole is therefore entitled to a reasonable attorney's fee, as well as expert witness fees, and other costs of this action in amounts to be proven at trial, in accordance with 29 U.S.C. § 2617.

## COUNT II: VIOLATION OF THE EPA

20. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 19 and incorporates the same herein as though fully set forth.

21. Upon her unlawful termination as described above, Atlas replaced Ms. Poole, a forty-nine year old female, with Alex Mitcham, a nineteen year-old male.

22. Mr. Mitcham was placed in a substantially similar if not completely identical position as Ms. Poole held prior to her unlawful termination.

23. Atlas paid Mr. Mitcham wages at a substantially higher rate than the rate at which Ms. Poole was paid for performing a job which required equal skill, effort, and responsibility and which was performed under similar working conditions, in direct and willful violation of 29 U.S.C. § 206(d).

24. As a direct and proximate result of Defendant's violation of 29 U.S.C. § 206(d), Ms. Poole has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Poole is therefore entitled to general and compensatory damages, and additional liquidated damages in amounts to be proven at trial, in accordance with 29 U.S.C. § 216.

25. As a further direct and proximate result of the Defendant's willful violation of 29 U.S.C. § 206(d), as described, Ms. Poole has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Atlas and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Atlas. Ms. Poole

is therefore entitled to a reasonable attorney's fee and other costs of this action in amounts to be proven at trial, in accordance with 29 U.S.C. § 216.

### COUNT III: VIOLATION OF KRS § 344 – KENTUCKY CIVIL RIGHTS ACT

26. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 25 and incorporates the same herein as though fully set forth.

27. The conduct and actions of the Defendant, Atlas, as described above, by and through its agents and employees, constitutes illegal employment discrimination in violation of KRS § 344, et seq.

28. As a direct and proximate result of Defendant's violation of KRS § 344, et seq. Ms. Poole has suffered and will continue to suffer pain, humiliation, and emotional distress, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Ms. Poole is therefore entitled to general and compensatory damages in amounts to be proven at trial pursuant to KRS § 344.450.

29. As a further direct and proximate result of the Defendant's violation of KRS § 344, et seq., as described, Ms. Poole has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Atlas and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Poole. Ms. Poole is therefore entitled to a reasonable attorney's fee and other costs of this action in amounts to be proven at trial, in accordance with KRS § 344.450.

**WHEREFORE**, Plaintiff, Lisa Poole, demands judgment against Defendant, Atlas Machine and Supply, Inc. in an amount which will compensate her for:

1. Violation of her rights pursuant to the Family Medical Leave Act and Equal Pay Act;

2. Violation of her rights pursuant to the Kentucky Constitution and Chapter 344 of the Kentucky Revised Statutes;

3. Compensatory damages including lost wages and employment benefits past and future and/or impairment of power to earn money; emotional distress and humiliation, past and future, and additional liquidated damages as provided by law;

4. Trial by jury on all issues so triable;

5. Costs expended herein;

6. Reasonable attorney's fees; and

7. Any and all other relief to which she may be entitled.

Respectfully submitted,

BAHE COOK CANTLEY & JONES PLC

s/Vanessa B. Cantley
Vanessa B. Cantley
[vanessa@bccjlaw.com]
700 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
Tel. (502) 587-2002
Fax (502) 587-2006
*Counsel for Plaintiff, Lisa Poole*

LISA POOLE, being first duly sworn, hereby verifies that the allegations contained herein are true and accurate to the best of her knowledge.

This certification is made the 19th day of May, 2009.

*Lisa D. Poole*
Lisa Poole

STATE OF KENTUCKY        )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed and sworn to before me by Lisa Poole, this 19th day of May, 2009.

My commission expires: March 1, 2010